**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

ESTATE OF ASHLEY FERGUSON      )
JONES BY MARSHALL JONES,        )
ADMINISTRATOR, MARSHALL         )
JONES, INDIVIDUALLY, A.J., PPA   )
MARSHALL JONES and M.J., PPA     )
MARSHALL JONES,                  )
          Plaintiffs,      )
                           )
V.                               )
                           )
MGR EXPRESS, INC,                )
MGR LEASE LLC, MGR FREIGHT LLC,)
MGR EXPEDITED INC., MGR          )
EXPEDITED 1 LLC, MGR AUTO        )
LEASE LLC, MGR TRUCK RENTAL      )
LLC, MGR TRUCK SALE INC.,        )
MGR TRUCK REPAIR, INC.,          )
MGR LOGISTICS INC., MGR 016 LLC, )
MGR 017 LLC and                  )
PLAINFIELD 014 LLC,              )
          Defendants.      )      NOVEMBER 27, 2018

**COMPLAINT**

**NATURE OF THE ACTION**

1.    The Plaintiffs, Estate of Ashley Ferguson Jones by Marshall Jones,

Administrator, Marshall Jones, Individually, Marshall Jones ppa A.J., a minor and

Marshal Jones ppa M.J., a minor, bring this action against the Defendants, MGR

1

EXPRESS, INC., MGR LEASE LLC, MGR FREIGHT LLC, MGR EXPEDITED, INC.,

MGR EXPEDITED 1 LLC, MGR AUTO LEASE LLC, MGR TRUCK RENTAL LLC, MGR

TRUCK SALE INC., MGR TRUCK REPAIR, INC., MGR LOGISTICS INC., MGR 016

LLC, MGR 017 LLC, PLAINFIELD 014 LLC, and RD EXPEDITED, INC.. This action

arises out of the negligence and recklessness of the Defendants.

## THE PARTIES

2.      On or about December 17, 2016, Marshall Jones, the husband of Ashley

Ferguson Jones, was appointed the Administrator of the Estate of Ashley Ferguson

Jones, the Plaintiff's decedent, by the Probate Court for Middletown, Connecticut.

3.      Marshall Jones is an individual residing in the Town of Canterbury,

Connecticut.

4.      A.J., a minor, is an individual residing in the Town of Canterbury,

Connecticut, and is the daughter of the Plaintiff's decedent and Marshall Jones.

5.      M.J., a minor, is an individual residing in the Town of Canterbury,

Connecticut, and is the son of the Plaintiff's decedent and Marshall Jones.

6.      The Defendant, MGR EXPRESS, INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

7.      The Defendant, MGR LEASE LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

8.      The Defendant, MGR FREIGHT LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

9.      The Defendant, MGR EXPEDITED INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

10.     The Defendant, MGR EXPEDITED 1 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

11.     The Defendant, MGR AUTO LEASE LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Summit, Illinois.

12.     The Defendant, MGR TRUCK RENTAL LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

13.     The Defendant, MGR TRUCK SALE INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

14.     The Defendant, MGR TRUCK REPAIR, INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

15.     The Defendant, MGR LOGISTICS INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

4

16.    The Defendant, MGR 016 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

17.    The Defendant, MGR 017 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

18.    The Defendant, PLAINFIELD 014 LLC, is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

19.    The Defendant, RD EXPEDITED, INC., is a corporation incorporated under the laws of the State of Illinois with a principal place of business in the City of Countryside, Illinois.

20.    The aforementioned Defendants are hereinafter known collectively as "MGR Defendants."

## JURISDICTION

21.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the

Plaintiffs and the Defendants are citizens of different states and the amount in

controversy exceeds $75,000, excluding interest and costs.

## VENUE

22.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because the

motor vehicle collision giving rise to this claim occurred in this District.

## FACTS

23.     On or about December 1, 2016, the Plaintiffs' decedent was the operator

of a motor vehicle stopped within the emergency shoulder area of Interstate 95 near Old

Lyme, Connecticut for an emergency involving her child.

24.     At the same time and place, Nicolae Marcu was the operator of a tractor

trailer truck traveling on Interstate 95 near Old Lyme, Connecticut.

25.     At the same time and place, when the Plaintiff's decedent stopped her

vehicle in the emergency shoulder area and exited it to attend to her small child who

was seated in her car seat in the rear of the vehicle experiencing an urgent sickness,

the Nicolae Marcu suddenly and without warning drove his tractor trailer truck into said

6

shoulder area, striking the Plaintiff's decedent and her vehicle, causing her body to be thrown through the air more than 70 feet, slamming her to the ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

26.    At all times mentioned herein, Nicolae Marcu was an agent, apparent agent, servant and/or employee of the MGR Defendants and was acting within the scope of his employment, agency, apparent agency and/or servitude in operating the vehicle.

27.    At all times mentioned herein, Nicolae Marcu was operating said trailer with the consent, knowledge, permission and/or authority of the MGR Defendants.

**FIRST CAUSE OF ACTION
WRONGFUL DEATH AS TO MGR DEFENDANTS
PURSUANT TO CONNECTICUT GENERAL STATUTES § 52-555
BROUGHT BY ESTATE OF ASHLEY FERGUSON JONES**

28.    Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

29.    The aforesaid collision, and the resulting injuries and damages to the Plaintiff were caused by the negligence, carelessness and statutory violations of the

MGR Defendants, in one or more of the following respects, in that their agent, servant, apparent agent and/or employee, Nicolae Marcu:

    a.  violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

    b.  violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;

    c.  violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

    d.  violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

    e.  violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

    f.  violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

    g.  violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

    h.  violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i.   violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j.   violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k.   violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l.   violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m.   violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n.   violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o.   violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

p.   violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q.   violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r.   violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s.  violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t.  violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.  violated 49 C.F.R. §  392.2 by failing to obey the traffic laws of the state in which he was operating;

w.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.  violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.  violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.  failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

10

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

mm.     operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

11

nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

pp. struck the side of the Plaintiff's vehicle.

30.     As a result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

31.     As a result of the negligence, carelessness, and statutory violations of the Defendants, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

32.     As a result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered physical and mental pain, anguish and

anxiety, as well as conscious pain and suffering.

33.     As a further result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

34.     As a further result of the negligence, carelessness and statutory violations of the Defendants, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

35.     As a further result of the negligence, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

## SECOND CAUSE OF ACTION

### WRONGFUL DEATH – RECKLESSNESS AS TO MGR DEFENDANTS PURSUANT TO CONNECTICUT GENERAL STATUTES § 14-295 BROUGHT BY ESTATE OF ASHLEY FERGUSON JONES

36.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

37.     Said collision and the resulting injuries and the damages of the Plaintiff

were caused by the reckless and wanton conduct and statutory violations of the MGR

Defendants, in one or more of the following respects, in that their agent, servant,

apparent agent and/or employee, Nicolae Marcu:

      a.      Violated Section 14-222 of the Connecticut General Statutes by operating his motor vehicle deliberately and with reckless disregard for the safety of others by driving at an unreasonable rate of speed on a heavily traveled roadway without due regard for the width, traffic and use of said roadway, even though he knew or should have known his actions presented a high degree of danger, yet ignored said risk and danger resulting in him driving his vehicle directly into the side of the Plaintiffs' decedent's vehicle; and

      b.      Violated Section 14-218a of the Connecticut General Statutes by operating his motor vehicle deliberately and with reckless disregard for the safety of others by looking away from the roadway when traveling at such a rate of speed as to endanger the life of any person other than the operator, thereby causing a collision with the Plaintiffs' decedent's vehicle, even though he know or should have known his actions presented a high degree of danger, yet ignored said risk and danger.

      38.      By operating his motor vehicle recklessly, Nicolae Marcu, chose a course

of action which he knew or should have known posed a serious danger to the Plaintiffs'

decedent and others, and such conduct was a substantial factor in causing the collision

and resulting injuries.

      39.      As a result of the recklessness, carelessness and statutory violations of

the Defendants, the Plaintiff's decedent's body was thrown through the air and struck

the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

40.     As a result of the recklessness, carelessness, and statutory violations of the Defendants, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

41.     As a result of the recklessness, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

42.     As a further result of the recklessness, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

43.     As a further result of the recklessness, carelessness and statutory violations of the Defendants, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15

44.     As a further result of the recklessness, carelessness and statutory violations of the Defendants, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

### THIRD CAUSE OF ACTION
### WRONGFUL DEATH – COMMON LAW RECKLESSNESS AS TO
### MGR DEFENDANTS BROUGHT BY ESTATE OF ASHLEY FERGUSON JONES

45.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

46.     Said collision and the resulting injuries and the damages of the Plaintiffs' decedent were caused by the reckless and wanton conduct of the MGR Defendants, in one or more of the following respects, in that their agent, servant, apparent agent and/or employee, Nicolae Marcu:

    a.     Operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiffs' decedent, by driving at a high rate of speed and onto the shoulder of the roadway even though he knew or should have known that there was a stopped and/or disabled vehicle on the shoulder and that his actions presented a high degree of danger, yet ignored said risk of danger and thereby drove his vehicle directly into the side of the Plaintiffs' decedent's vehicle;

    b.     Operated his vehicle deliberately or with reckless disregard for the safety

16

of others, including the Plaintiffs' decedent, by looking away from the roadway while accelerating and crossing over into the shoulder of the roadway, even though he knew or should have known his actions presented a high degree of danger of striking a disabled vehicle on the shoulder of the roadway, yet ignored said danger and risk.

47.     The reckless and wanton conduct of the Defendants, through their agent, servant, apparent agent and/or employee, Nicolae Marcu, was a substantial factor in causing the collision and the Plaintiffs' decedent's injuries and damages resulting therefrom.

48.     As a result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

49.     As a result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

17

50.     As a result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

51.     As a further result of the recklessness and carelessness and of the Defendants, the Plaintiffs' decedent suffered the premature loss of the enjoyment of all of life's activities.

52.     As a further result of the recklessness and carelessness of the Defendants, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

53.     As a further result of the recklessness and carelessness of the Defendants, the Plaintiffs' decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FOURTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM AS TO MGR DEFENDANTS**
**BROUGHT BY MARSHALL JONES**

54.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

55.     As a result of the negligence and carelessness of the MGR Defendants, as aforesaid, through their agents, servants, apparent agents and/or employees, the Plaintiff, Marshall Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**FIFTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM AS TO MGR DEFENDANTS**
**BROUGHT BY M.J., PPA MARSHALL JONES**

56.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

57.     As a result of the negligence and carelessness of the MGR Defendants, as aforesaid, through their agents, servants, apparent agents and/or employees, the Plaintiff, M.J., a minor, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his mother, Ashley Jones, and will continue to suffer such deprivation in the future.

19

**SIXTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM AS TO MGR DEFENDANTS**
**BROUGHT BY A.J., a minor PPA MARSHALL JONES**

58.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

59.     As a result of the negligence and carelessness of the MGR Defendants, as aforesaid, through their agents, servants, apparent agents and/or employees, the Plaintiff, A.J., a minor, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of her mother and will continue to suffer such deprivation in the future.

**SEVENTH CAUSE OF ACTION**
**BYSTANDER EMOTIONAL DISTRESS AS TO MGR DEFENDANTS**
**BROUGHT BY A.J., a minor, PPA MARSHALL JONES**

60.     Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

61.     On December 1, 2016, when the Plaintiffs' decedent was killed in a motor vehicle collision and her body was thrown from the side of the vehicle, her daughter, the

Plaintiff, A.J., a minor, was in close proximity to her and contemporaneously witnessed her get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, conscious pain and suffering and die.  As a result, the Plaintiff, A.J., a minor, has suffered from nervous shock, extreme emotional turmoil and mental distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

62.     As a further result of the MGR Defendants' conduct, the Plaintiff, A.J., a minor, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

63.     As a further result, the Plaintiff, A.J., a minor, will likely suffer emotional distress and mental pain for the rest of his life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

## EIGHTH CAUSE OF ACTION
## JOINT VENTURE, ALTER EGO, AGENCY AND PIERCING THE CORPORATE VEIL AS TO THE MGR DEFENDANTS BROUGHT BY PLAINTIFFS

64.     Plaintiffs incorporate by reference herein the allegations of the previous

21

paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

65.     On information and belief, the MGR Defendants operated as a joint venture and acted in the scope of authority of such agency and in the scope of and in furtherance of their joint venture at the time this cause of action arose, thereby rendering the MGR Defendants liable for the acts and omissions of each other, as well as their employees, agents, apparent agents and servants.

66.     On information and belief, the MGR Defendants engaged in the following acts, one or more of which are sufficient to show joint venture, alter ego, agency and/or a piercing of the corporate veil, to-wit:

       a.  Comingled funds and assets;

       b.  Failed to segregate funds;

       c.  Diverted funds or assets to one another;

       d.  Permitted shareholders to treat corporate assets as their own;

       e.  Failed to maintain corporate minutes;

       f.  Had identical or nearly identical equitable ownership interests in each entity;

g.  Had the officers and directors of one corporate entity controlling the other corporate entities;

h.  Used the same offices or business location to conduct the business of each corporate entity;

i.  Employed the same employees at one or more corporate entity;

j.  Shared employees among one or more corporate entity;

k.  Permitted employees of one corporate entity to direct the acts of one or more of the other corporate entities;

l.  Created a system to under-capitalize its corporate entities;

m.  Used the corporate entities as merely shells;

n.  Used the corporate entities as an instrumentality or conduit for a single venture of another corporation;

o.  Disregarded the legal formalities required of corporate entities in the State of Illinois;

p.  Failed to maintain arms-length relationships among the corporate equities;

q.  Used the corporate identity of one or more corporate identity to procure labor, services or merchandise for another corporate entity;

r.  Diverted assets from a corporate by or to a stockholder or other person or entity to the detriment of creditors, such as the Plaintiffs; and/or

23

s.  Manipulated corporate assets and liabilities in entities so as to concentrate the assets in one and the liabilities in another.

67.     The MGR Defendants abused the corporate forms of the MGR Defendants such that they are each other's alter egos and an instrumentality for the transaction of each other's affairs. The MGR Defendants disregarded ht separateness of these legal Defendants for the purpose of perpetrating a sham to defeat justice as well as tort, statutory, and contractual responsibility.

68.     Under the doctrine of alter ego, the MGR Defendants are liable for the activities of any business they so organized and controlled and its business conducted in such a manner as to make it merely an agency, instrumentality, or alter ego of the MGR Defendants.

69.     At the time of the subject collision, Nicolae Marcu was acting in furtherance and in the scope of the MGR Defendants' business and joint venture.

70.     There was a unity of interest among the MGR Defendants such that the separate personalities of the respective Defendants ceased to exist.

71.     Adherence to the doctrine of separate corporate Defendants among the MGR Defendants would promote injustice and/or fraud.

24

72.    With respect to the negligent acts and omissions causing the subject collision and the resulting damages, injuries and death, the MGR Defendants operated as a single economic entity.

73.    As a consequence of their joint venture, the MGR Defendants owed a joint duty to the Plaintiffs to use reasonable care for their safety.

74.    Under the doctrine of joint venture, the MGR Defendants are liable for the conduct of the other parties to the joint venture, as well as their employees, servants and agents.

75.    At the time of the subject collision, Nicolae Marcu was acting as a dual servant and/or agent of the MGR Defendants. Consequently, the MGR Defendants are liable for the torts of Nicolae Marcu.

76.    The MGR Defendants operate as a joint venture in their motor carrier operations, including the training, hiring and retention of drivers and setting the policies and procedures for safety training and implementation for MGR Defendants.

77.    The MGR Defendants' negligence proximately caused the Plaintiffs' respective emotional, mental and physical injuries and the wrongful death of the Plaintiffs' decedent, as set forth more fully herein.

25

78.    The MGR Defendants are liable to the Plaintiffs for all damages allowed by law for the injuries, death, damages and losses sustained by the Plaintiffs as a result of the negligence of Nicolae Marcu and/or their own independent negligence.

**WHEREFORE**, the Plaintiffs pray for relief against the Defendants as follows:

1.    Compensatory damages of $30 million, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate the Plaintiffs for all their injuries and damages, both past and present;

2.    Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate the Plaintiffs for all of their injuries and damages, both past and present;

3.    Punitive damages;

4.    Double and triple damages as allowed by law;

5.    Attorneys' fees, expenses and costs of this action;

6.    Pre-judgment and post-judgment interest in the maximum amount allowed by law; and,

7.    Such further relief as the Court deems necessary, just and proper.

26

Plaintiffs demands a trial by jury of all claims asserted in Their Complaint.

Dated:  November 27, 2018

Respectfully submitted,

By: /s/ Kelly E. Reardon (ct28441)
Kelly E. Reardon (ct28441)
THE REARDON LAW FIRM, P.C.
160 Hempstead St.
P.O. Drawer 1430
New London, CT   06320
Phone:  860-442-0444
Fax:  860-444-6445
Email:  kreardon@reardonlaw.com

27